**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

KENRANCE TERRELL ROACH,

      Plaintiff,

      v.

ALEX JULIAN, and KYLE STRICKLAND,

      Defendants.

CIVIL ACTION NO.: 5:25-cv-34

### REPORT AND RECOMMENDATION

Plaintiff filed a Motion for Preliminary Injunction.[1]  Doc. 24.  Plaintiff asks the Court to order the release of personal property seized from him "in connection with [his] case." Id. at 1.

A movant bears the burden of proving four necessary elements for temporary restraining or preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) the relief is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the relief would cause the other litigant; and (4) the relief would not be averse to the public interest. Chavez v. Fla. SP Warden, 742 F.3d 1267, 1271 (11th Cir. 2014); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225 (11th Cir. 2005).  In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as all four elements." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir.

---

[1]     Plaintiff titled this filing a "Motion for Request for Release of Seized Items."  Doc. 24.  "Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)).  Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82).  Thus, I construe Plaintiff's filing as a Motion for Preliminary Injunction.

2001).  Plaintiff does not attempt to satisfy any of the four necessary elements.  Thus, Plaintiff's Motion should be denied.

Plaintiff's Motion also falls short for a second reason—Plaintiff does not seek the release of seized items in his Complaint.  See Doc. 1 at 6.  "[A] preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not even sought in the underlying action."  Daker v. Owens, 6:14-cv-47, 2022 WL 597948, at *2 (S.D. Ga. Feb. 28, 2022) (citing Klay v. United HealthGroup, Inc., 376 F.3d 1092, 1097–98 (11th Cir. 2004)).  Thus, the Court cannot award, on a preliminary basis, relief that Plaintiff does not seek in his Complaint.  Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Preliminary Injunction.  Doc. 24.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 24th day of June, 2026.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA